NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2514-15T1

CAROLYN GILLIAM,

 Plaintiff-Appellant,

v.

ATRIUM AT PRINCETON, LLC,
t/a ATRIUM HEALTH,

 Defendant-Respondent.
___________________________

 Submitted May 24, 2017 – Decided August 10, 2017

 Before Judges Fuentes, Gooden Brown and
 Farrington.

 On appeal from the Superior Court of New
 Jersey, Law Division, Mercer County, Docket
 No. L-2264-13.

 Carolyn Gilliam, appellant pro se.

 Drinker Biddle & Reath, LLP, attorneys for
 respondent (Maria L.H. Lewis, of counsel and
 on the brief).

PER CURIAM

 This is a wrongful discharge case. Carolyn Gilliam worked

as an at-will employee in the housekeeping department at the Atrium

at Princeton, LLC (Atrium) until she was fired for cause on
February 29, 2012. Following her termination, plaintiff filed a

two-count complaint alleging common law wrongful discharge and

wrongful termination in violation of the law against

discrimination (LAD) against her former employer. She voluntarily

dismissed the LAD claim. She appeals from the order of the Law

Division granting Atrium's summary judgment motion.

 Over the course of her employment at Atrium which commenced

in 1998, plaintiff was disciplined on eighteen separate occasions,

including three times in February 2012. She was terminated because

she received written warnings for failing to clean out the dryer

vents in the laundry room and using vulgar language and ethnic

slurs against her coworkers. Around the same time, Gilliam claimed

in writing that based upon statements alleged to have been made

by another coworker, she believed that a different coworker was

working in the United States illegally. Following an

investigation, Atrium determined the allegation was unfounded.

Gilliam alleges she was terminated for reporting the alleged

illegal work status of a coworker.

 In opposing the motion for summary judgment, Gilliam asserted

there was no disciplinary action issued or planned contemporaneous

with the incident and that the investigation was launched only

after her supervisor learned of Gilliam's allegation concerning

the coworker's immigration status. Gilliam relied on allegedly

 2 A-2514-15T1
incriminating statements made by her supervisors purportedly

establishing the true motive for her termination. The court

rejected Gilliam's assertions and determined that she failed to

put forth any credible evidence that her termination was

retaliatory to support her claim of discrimination and establish

a claim for wrongful discharge. Rather, the court determined

Atrium showed legitimate reasons for terminating her,

specifically, her substantial history of disciplinary infractions,

including the most recent ones in February 2012.

 On appeal, Gilliam argues that sufficient material factual

disputes existed to withstand summary judgment, the court made

impermissible credibility determinations in granting the motion,

and the court erred in determining that she failed to establish a

prima facie case. We affirm.

 Since the matter involves a motion for summary judgment, we

glean the facts from the pleadings, affidavits, and depositions

before the court on motion giving the plaintiff the benefit of all

reasonable inferences that may be drawn in her favor. Rule 4:46-

2.

 Atrium hired plaintiff in the housekeeping department in, or

about July 1998. Around 2008, Michael Williams became plaintiff's

supervisor. Plaintiff claims Williams harassed her by issuing

disciplines for infractions she did not commit. Plaintiff never

 3 A-2514-15T1
reported the alleged harassment to Williams' supervisor, Mark

Sorrento. In February 2012, Williams issued plaintiff three

disciplinary notices for workplace violations. On February 24,

plaintiff received a written warning for failure to clean out

dryer vents in the laundry room. On February 29, Williams issued

plaintiff a disciplinary notice for workplace violations,

including using vulgar language against coworkers. Between the

February 24 and 29 notices, plaintiff wrote a written response to

the notices of disciplinary action alleging a coworker named

"Jane1" did not have the proper work papers for employment in the

United States. While defendant was determining the discipline to

be imposed on plaintiff, plaintiff went to Sorrento on March 5,

2012 and advised him of Jane's alleged illegal status. Sorrento

investigated the allegation and determined it to be unfounded.

Thereafter, Sorrento made the determination to fire plaintiff for

the vulgar language used with coworkers.

 Essentially, plaintiff claims the termination was not related

to the Sorrento investigation of the February 25, 2012 incident,

but was fabricated sometime after her meeting with Sorrento on

March 5. Plaintiff presents, in support of her allegation that

the reasons for her termination were fabricated, that she did not

1
 A pseudonym was used to protect the privacy rights of this
individual.

 4 A-2514-15T1
receive any notice of discipline on February 25. The notice of

discipline she did receive was dated February 29. The notice

dated February 29, 2012 was not received until March 7. Plaintiff

cites as corroboration the fact that Williams told her to report

to work on February 27.

 Plaintiff questions the nature of the investigation

conducted, and questions why, if Williams obtained the statements

of three coworkers regarding plaintiff's vulgar language and

witnessed plaintiff in the laundry room on February 27, 2012,

contrary to his order, she was told to return to work on February

27 and not fired until February 29, 2012.

 Plaintiff further questions why, when she returned to work

on February 27 (and was told to go home by Williams who certified

he forgot that Monday was plaintiff's regular day off and that she

had taken a personal day for Tuesday), she was not fired when

Williams had the opportunity to do so if the firing was related

to the incident of February 25. Stating that the failure to fire

before February 29 is "illogical", plaintiff urges the court to

find the delay could be the basis for a reasonable inference that

the reason given for her termination was pre-textual.

 The sole basis for her argument occurred during her meeting

with Sorrento and Williams, when Sorrento pointed to the

disciplinary action issued on February 25, 2012, and said, "I got

 5 A-2514-15T1
a problem with this, this is when Corporate is going to have a

problem." According to plaintiff, shortly thereafter, Williams

stated, "I didn't hire Jane, she was here when I got here."

Following that exchange, the meeting ended. Plaintiff's theory

is that Sorrento's fear of corporate's reaction to plaintiff's

complaint, and how it would reflect on him, was Sorrento's motive

to terminate her. Plaintiff does not explain how, after her

allegation was proven unfounded, corporate would have a problem

which would have reflected poorly on either Williams or Sorrento.

 Plaintiff also claims defendant abandoned a long-standing

system of progressive discipline to fire her. She argues a

reasonable inference can be made that "something out of the

ordinary" occurred which "compelled management to forgo their

progressive disciplinary system and terminate Ms. Gilliam on her

first offense [for vulgar language] since it was never done

before."

 Plaintiff argues the trial court "ignored evidence that there

was most likely no investigation conducted on the day of the

incident and ignored witness testimony proffered by plaintiff."

The testimony to which plaintiff refers, is that Williams never

stated that plaintiff was being sent home on February 25, 2012 as

part of any investigation. Instead, Williams testified that

plaintiff was sent home due to her behavior. Further, plaintiff

 6 A-2514-15T1
asserts that the statements made by Sorrento and Williams on

February 27 and 28 both allude to facts which show plaintiff's

termination was based upon her complaint against Jane. According

to plaintiff, these statements go to Sorrento's and Williams'

credibility regarding material facts which should have been

determined by a jury.

 We review a trial court's grant of summary judgment de novo.

Cypress Point Condo. Ass'n v. Adria Towers, L.L.C., 226 N.J. 403,

414 (2016). "[The] trial court's interpretation of the law and

the legal consequences that flow from established facts are not

entitled to any special deference." Manalapan Realty, L.P. v.

Twp. Comm., 140 N.J. 366, 378 (1995). Summary judgment is

appropriate where there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law. Rule

4:46-2(c).

 We must "consider whether the competent evidential materials

presented, when viewed in the light most favorable to the non-

moving party in consideration of the applicable evidentiary

standard, are sufficient to permit a rational factfinder to resolve

the alleged disputed issue in favor of the non-moving party."

Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

 Under the common law, in the absence of an employment

contract, employers or employees have been free to terminate the

 7 A-2514-15T1
employment relationship with, or without cause. Pierce v. Ortho

Pharmaceutical Corp., 84 N.J. 58, 65-66 (1980). In Pierce, our

Supreme Court recognized a cause of action to provide a remedy for

employees who are wrongfully discharged, while balancing the

interests of the employee, the employer and the public. Id. at

71. The Court found an employee who is wrongfully discharged may

maintain an action in tort "based upon the duty of an employer not

to discharge an employee who refused to perform an act that is a

violation of a clear mandate of public policy." Id. at 72. In

Tartaglia v. UBS Painewebber, Inc., 197 N.J. 81 (2008), the Court

addressed Pierce in light of the passage, subsequent to Pierce,

of CEPA. The Court noted that the legislation contained an

election of remedy provision, and that the common law remedy

recognized in Pierce continued to exist side-by-side with the

statutory one.

 Tartaglia established a plaintiff is not required to make a

complaint to an outside authority, although doing so would

"ordinarily be a sufficient means of expression" while a passing

remark to coworkers, or a complaint to an intermediate supervisor

would not. Tartaglia, supra, 197 N.J. at 109. We assume for

purposes of this appeal that plaintiff's complaint to Sorrento

suffices to meet the expression threshold. However, Tartaglia

holds that "an employer remains free to terminate an at-will

 8 A-2514-15T1
employee who engages in grousing or complaining about matters

falling short of a clear mandate of public policy, or who otherwise

interferes with the ordinary operation of the workplace by

expressions of personal views on matters of no real substance."

Ibid.

 Other jurisdictions have held an employee who is terminated

for reporting his employer was hiring unauthorized aliens contrary

to 8 U.S.C.S. § 1324a has a wrongful discharge claim. See

California Court of Appeals case, Jie v. Liang Tai Knitwear Co.,

89 Cal. App. 4th 654 (2001) (court upheld plaintiffs' claims for

wrongful termination based on retaliation after being terminated

for reporting defendants to Immigration and Naturalization

Services (INS), who raided defendants' business and arrested

approximately forty percent of defendants' labor force as

undocumented). Here, Judge Anthony M. Massi found plaintiff failed

to show "there was an objectively reasonable basis to believe

Jane's employment status was illegal, as it was based on

information plaintiff received from another coworker."

 The court in Tartaglia made clear that "[b]aseless complaints

or expressions of purely personal views about the meaning of public

policies will not meet the test for a "clear mandate", regardless

of the manner or mode in which they are voiced. Tartaglia, supra,

197 N.J. at 109.

 9 A-2514-15T1
 We affirm substantially for the reasons embodied in Judge

Massi's January 8, 2016 opinion and March 4, 2016 amplifying

statement pursuant to R. 2:5-1(b).

 Affirmed.

 10 A-2514-15T1